No. 23-1151

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

DENISE EVANS,

Plaintiff-Appellant,

-v-

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Illinois, Eastern Division
No. 22-cv-1627, the Honorable Gary Feinerman, Judge Presiding

**BRIEF AND APPENDIX
FOR PLAINTIFF-APPELLANT**

Barry A. Spevack
bspevack@monicolaw.com
MONICO & SPEVACK, LLC
53 West Jackson Blvd.
Suite 1315
Chicago, Illinois 60604
312-782-8500

**ORAL ARGUMENT REQUESTED**

<u>CIRCUIT RULE 26.1 DISCLOSURE STATEMENT</u>

1.      The Full name of every party that the attorney represents in the case:
        **Denise Evans**

2.      The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
        **Law Offices of Steven J. Malman & Associates, P.C.**

3.      If the party, amicus or intervenor is a corporation i) identify all parent corporations, if any; and ii) list any publicly held company that owns 10% or more of the party's amicus' or intervenor's stock:
        **Not applicable.**

4.      Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Case:
        **Not applicable.**

5.      Provide debtor information required by FRAP 26.1 (c) 1 & 2:
        **Not applicable.**

**/s/** Barry A. Spevack                          June 14, 2023
        Barry A. Spevack                          Counsel of Record YES

        **Monico & Spevack LLC, 53 West Jackson Blvd., Suite 1315,
        Chicago, Illinois  60604**
        (P)     312-782-8500                     (F) 312-759-2000
        (e)     bspevack@monicolaw.com

1

## TABLE OF CONTENTS

Disclosure Statement ……………………………….. 2

Table of Contents ………………………………….. 3

Table of Authorities ………………………………… 3

Jurisdictional Statement …………………………… 4

Issues Presented for Review ……………………… 5

Statement of the Case …………………………… 5

Summary of Argument …………………………… 8

Standard of Review …………………………………. 10

Argument …………………………… 10

    The District Court erred when it held the Westfall Act's
Savings provision did not apply to toll the statute of
limitations to substitution cases removed under
42 U.S.C. 233(g) ……………………………….. 10

    The District Court erred in holding that equitable
tolling did not apply in this case ……………………….. 17

Conclusion …………………………… 19

Rule 32(a) Compliance …………………………… 20

Certificate of Service ………………………………. 20

Appendix ………………………………. A-1

## TABLE OF AUTHORITIES

<u>Cases</u>

*Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2023)  …………   10

*Arroyo v. United States,* 656 F.3d 663 (7th Cir. 2011)        ………….. 10, 12, 15, 16, 19

*Bilonda v. United States,* 2022 U.S.Dist. LEXIS 226061 (D.Ariz.)  ….  14, 15

*Blanche v. United States,* 811 F.3d 953 (7th Cir. 2016)        …………   15, 17, 19

*Booker v. United States,* 2015 U.S. Dist. LEXIS 81735 (E.D.Pa.)   ….   14, 15

*Brooks v. HSHS Medical Group,* 513 F.Supp.3d 1069 (S.D.Il. 2021)  …  14

*Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76
(2d Cir. 2005)              ……………………………………..     14

*Chronis v. United States,* 932 F.3d 544 (7th Cir. 2019)        …………   15, 16, 19

*D'Alessandro v. United States,* 2019 U.S. Dist. LEXIS 101690 (W.D.N.Y.) .. 15

*Evans v. United States,* 2022 U.S. Dist. LEXIS 232470 (N.D.Il.)    ……..   16

*Famous v. Fuchs,* 38 F.4th 625, 630 (7th Cir. 2022)        ………………..   10

*42d Parallel N. v. E. Street Denim Co.*, 286 F.3d 401, 404 (7th Cir. 2023) ..   10

*Gutierrez de Martinez v. Lamagno,* 515 U.S. 417 (1995)         ………   12

*Helms ex rel. Taylor v. Atrium Health Care & Rehab. Center of Cahokia,*
2010 U.S. Dist. LEXIS106363 (S.D.Il.)          ……………………..     16

*Herrera v. United States*, 20-cv-5238 (N.D.Il.) (Judge Norgle)        …….   15, 16

 *Huertero v. United States*, 601 F. App'x 169 (3rd Cir. 2015)   …………     15

*Jacobs v. Castillo,* 612 F.Supp.2d 369 (S.D.N.Y. 2009)        ……………     16

*Love v. United States,* 17 F.4th 753 (7th Cir. 2021)    …………………….     11

*McLaurin v. United States,* 392 F. 3d 774 (5th Cir. 2004)    ……………     15

*McNeil v. United States,* 508 U.S. 106 (1993)         ……………………     11

*O'Brien v. United States,* 56 F.4ᵗʰ 139 (1ˢᵗ Cir. 2022) …………… 10

*Osborn v. Haley,* 549 U.S. 225 (2007) …………………… 12

*Perez-Rodriguez v. United States,* 2023 U.S. Dist. LEXIS 60339 (D.P.R.) .. 11, 14

*P.W. by Woodson v. United States*, 990 F.3d 515 (7ᵗʰ Cir. 2021) …… 16, 18, 19

*Thompson v. United States,* 2023 U.S. Dist. LEXIS 56457 (N.D.Il.) …… 12

*Wells v. Fuentes,* 2023 U.S.Dist. LEXIS 96692 (E.D. Va.) ……………. 11

*Westfall v. Erwin*, 484 U.S. 292 (1988) …………………………… 12

<u>**Statutes**</u>

28 U.S.C. § 1346 …………………………………………… 10

28 U.S.C. § 2401 …………………………………………… 11

28 U.S.C. § 2674 …………………………………………… 11

28 U.S.C. § 2675 …………………………………………… 7, 12

28 U.S.C. § 2679 …………………………………………… 8-9, 11, 13

42 U.S.C. § 254b …………………………………………… 14

42 U.S.C. § 233 …………………………………………… 6, 9, 11, 14

## JURISDICTIONAL STATEMENT

1.    On March 22, 2022, Plaintiff-Appellant filed this civil action for money damages against the United States, invoking the District Court's jurisdiction pursuant to 29 U.S.C. § 1346(b)(1). The case sought damages under the Federal Tort Claims Act. (Dkt 1).

2. On December 28, 2022, the District Court granted the United States' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), finding that Plaintiff's claim for damages fell outside the two-year statute of limitations. The District Court thereupon entered judgment against Plaintiff. (Dkt 24). There are no claims still pending in the case.

3. On January 20, 2023, Plaintiff-Appellant timely filed her Notice of Appeal, it having been filed within the sixty (60) days as required when the United States is a party, thereby invoking this Court's jurisdiction pursuant to 28 U.S.C. §1291 and §1294, and Federal Rule of Appellant Procedure 4(a)(1)(B)(i). (Dkt 26). This is an appeal as a matter of right pursuant to Federal Rule of Appellate Procedure 3(a) and Circuit Rule 3(a).

## ISSUES PRESENTED FOR REVIEW

I.     WHETHER THE DISTRICT COURT ERRED WHEN IT HELD THE WESTFALL ACT'S SAVINGS CLAUSE DID NOT APPLY TO TOLL THE STATUTE OF LIMITATIONS TO SUBSTITUTION CASES REMOVED UNDER 42 U.S.C. 233(g).

II.    WHETHER THE DISTRICT COURT ERRED WHEN IT HELD THE DOCTRINE OF EQUITABLE TOLLING DID NOT APPLY TO TOLL THE STATUTE OF LIMITATIONS IN THIS CASE.

## STATEMENT OF THE CASE

On July 9, 2021, Denise Evans filed a medical malpractice lawsuit in the Circuit Court of Cook County, Illinois, against Dr. Osarentin Oronsaye complaining of treatment she received from him between July 24, 2019, and August 2, 2019. Evans alleged Dr. Oronsaye was acting as an agent and/or employee of several

entities, including Access Community Health Network ("Access'), the Mount Sanai

Community Foundation, Mount Sanai Hospital Medical Center of Chicago, and the

Sanai Health System. (No. 21-cv-4805 (N.D.Il.) (*Evans I*)., Dkt #1 at 8-19). *See also*

Appendix at 6.

Dr. Oronsaye performed a hysterectomy on Evans at Mount Sanai Hospital

on August 2, 2019. (*Evans I* at Dkt #2). She alleged Dr. Oronsaye failed to inform her

that her endometrial biopsy results were normal and the cervical polyp was benign,

nor did he discuss reasonable treatment alternatives. (*Id.*).  She alleged further that

Dr. Oronsaye failed to protect her ureter during the surgery and caused her to suffer

a right ureter injury, precipitating pain and suffering, loss of normal life, disability,

and large medical bills. (*Id.*). *See also* Appendix at 7-8.

Under the Federally Supported Health Centers Assistance Act ("FSHCAA"),

certain federally funded community health centers and individuals affiliated with

them are deemed employees under the federal Public Health Service ("PHS") for

purposes of the Federal Tort Claims Act ("FTCA"). 42 U.S.C. §§ 233(g), 245b.

Because Access received the requisite federal funding, and Dr. Oronsaye was at all

relevant times acting within the scope of his employment with Access, they were

deemed Public Health Service participants. (*Evans I* at Dkt #1). Consequently,

Evans' action for the alleged torts committed by Access and Dr. Oronsaye was

required to be brought against the United States under the FTCA. *See* 42 U.S.C. §

233(a), (g). On March 10, 2021, the United States substituted itself for those

defendants and removed the case to federal court. (*Evans I,* Dkt #1). *See also*

Appendix at 2-3.

Once in federal court, the United States moved to dismiss Evans' complaint for failure to have exhausted her administrative remedies. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury … unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). Evans argued there was a factual issue as to whether Dr. Oronsaye was in fact acting in the course and scope of his employment with Access during his care and treatment of Evans (*Evans I,* Dkt #11), but on January 24, 2022, the District Court granted the United States' motion and dismissed Evans' complaint, without prejudice, for failure to exhaust administrative remedies. (*Evans I*, Dkt #30). *See also* Appendix at 27.

Meanwhile, on September 13, 2021, just over two years since her cause of action accrued, Evans mailed a claim in writing to the Department of Health and Human Services ("HHS"). The agency received it on September 23, 2021. (Dkt #15-1; Dkt #17 at ¶ 5;). When HHS did not render a final decision on her claim within six months, Evans filed the present suit against the United States directly in federal court. (Dkt #1).

The United States moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the refiled complaint on timeliness grounds, alleging the claim with HHS had not been made within two years after the date of the alleged negligence, as the FTCA statute requires. (Dkt #15 at 1, *citing* 28 U.S.C. § 2410(b)). It argued that neither the FTCA's savings provision, 28 U.S.C. § 2679(d)(5), nor

equitable tolling, could save Evans' late claim.  On December 28, 2022, the District

Court granted the United States' motion. (Dkt #15).

## SUMMARY OF ARGUMENT

Denise Evans filed this medical negligence case originally in state court.

Because the alleged negligence occurred in the course of her physician's work at a

medical facility that received funding from the federal government, the United

States intervened and removed the case to federal court. By the time Evans made

the required prerequisite administrative claim with the Department of Health &

Human Services ("HHS"), slightly more than two years had passed since her claim

had accrued. The United States convinced the District Court to dismiss her case as

having been initiated outside the Federal Tort Claim Act's two-year statute of

limitations.

The Westfall Act, however, contains an exception, a savings provision.

Section 2679(d) states that whenever an action or proceeding in which the United

States is substituted as the party defendant under this subsection is dismissed for

failure first to present an administrative claim pursuant to this title, such a claim will

be deemed timely if the claim would have been timely had it been filed on the date

the underlying civil action was commenced, and if the claim is subsequently

presented to the appropriate Federal agency within 60 days of that dismissal. Evans

Evans met that exception. Yet after the United States removed the original

state court action and substituted itself for the named defendants, the District Court,

focusing on the words "under this title," dismissed her complaint for failure to

8

exhaust her administrative remedies, because the United States had removed the case citing to 42 U.S.C. § 233, not 28 U.S.C. § 2679.

The District Court distinguished FTCA substituted cases removed pursuant to 28 U.S.C. § 2679, which involve actual federal agencies, from FTCA substituted cases removed pursuant to 42 U.S.C. 233, which involve "deemed" federal Public Health Service centers and employees because they receive federal funding. Evans fell into the latter category and the District Court read the Westfall Act as excluding that category of defendants from the savings clause.

At least three Seventh Circuit decisions have at least implied that "deemed" federal employees do fall under the Westfall savings clause, although a more recent case has appeared to characterize the issue as undecided. No logical basis exists to squeeze out "deemed" federal employees when analyzing the Westfall savings provision, the proof of that being the number of cases suggesting the opposite. The District Court was therefore wrong not to apply Westfall in these circumstances. And to the extent any confusion exists, the District Court should have applied the concept of equitable tolling to Evans' cause of action. Any other ruling presents a trap for the unwary, because a simple reading of the Seventh Circuit cases and the number of district court rulings suggest the courts have already decided the savings provision does apply. The Court should make that determination here and now.

<u>STANDARD OF REVIEW</u>

Plaintiff appeals an order dismissing Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). This Court reviews rulings on motions to dismiss under Rule 12(b)(6) *de novo*, *42d Parallel N. v. E. Street Denim Co.*, 286 F.3d 401, 404 (7th Cir.

9

2023); *Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2023), including Rule

12(b)(6) motions based on the statute of limitations. *Ray v. Maher*, 662 F.3d 770, 772

(7th Cir. 2011). Issues such as the date of accrual or a plaintiff's knowledge of his or

her cause of injury are factual issues subject to review for clear error, *see, e.g., Arroyo*

*v. United States,* 656 F.3d 653, 668 (7th Cir. 2011), but the date of accrual or discovery

was not a contested issue in the case.

With respect to the issue of equitable tolling, the Court reviews the decision

to deny equitable tolling for an abuse of discretion. *Famous v. Fuchs,* 38 F.4th 625,

630 (7th Cir. 2022).

## ARGUMENT

### I. THE TRIAL COURT ERRED WHEN IT RULED PLAINTIFF'S CASE WAS NOT TIMELY FILED, BY FAILING TO APPLY THE WESTFALL ACT'S SAVINGS CLAUSE

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), invests United

States' district courts with jurisdiction over civil monetary claims for wrongful acts

or omissions committed by employees of the federal government when acting

within the scope of their employment, basically in the same manner as private

individuals would be liable in like circumstances. *Love v. United States,* 17 F.4th 753,

755 (7th Cir. 2021), *citing* 28 U.S.C. § 2674. The Public Health Service Act ("PHSA")

makes it the exclusive remedy for certain acts or omissions on the part of federal

public health service center affiliates resulting in personal injury or death. *See also* 42

U.S.C. § 233(a). *See also O'Brien v. United States,* 56 F.4th 139, 147 (1st Cir. 2022);

*Perez-Rodriguez v. United States,* 2023 U.S. Dist. LEXIS 60339 (D.P.R.), at *5 (*citing*

*O'Brien* and 42 U.S.C. § 233(a)).

10

If the United States Attorney General certifies that a defendant-employee was acting within the scope of his or her federal employment at the time of the incident in question, "any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). *See also Wells v. Fuentes,* 2023 U.S.Dist. LEXIS 96692 (E.D. Va.)

A potential litigant must exhaust his or her administrative remedies prior to filing suit and failure to do will normally lead to dismissal. *McNeil v. United States,* 508 U.S. 106, 113 (1993). No action can be instituted against the United States for money damages unless the claimant first presents the claim to the appropriate federal agency within two years of accrual, although if the agency does not render a decision within six (6) months, the claimant is free to file a complaint in federal court without delay. 28 U.S.C. §§ 2401(b), 2675(a)(1).

The Westfall Act, more formally the Federal Employees Liability Reform and Tort Compensation Act of 1988, was Congress' reaction to the United States Supreme Court's decision in *Westfall v. Erwin*, 484 U.S. 292 (1988), which had limited the scope of the immunity federal employees thought they enjoyed from many of these lawsuits. *See Osborn v. Haley,* 549 U.S. 225 (2007) ("[w]hen Congress wrote the Westfall Act … the legislators had one purpose firmly in mind [namely] to override *Westfall v. Erwin*."), *citing and quoting Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 425 (1995).)  The purpose was to return federal employees to the status everyone thought they had before *Westfall v. Erwin* was decided, reimmunizing them from

11

lawsuits when providing services within the scope of their employment. *Osborn v. Haley,* 549 U.S. at 257.

But particularly relevant to the instant case, the Westfall Act included a savings clause, which "loosened" the statute of limitations in circumstances where a plaintiff makes a civil claim within two years in the wrong forum, *e.g.,* in state court, and does not make the prerequisite administrative claim within the two-year statute of limitations before the error is corrected. *Arroyo v. United States,* 656 F.3d at 658. *See also Thompson v. United States,* 2023 U.S. Dist. LEXIS 56457 (N.D.Il.), at *7. Prior to Westfall if that happened the United States could intervene (as it did in the instant case) and remove the case to federal court, where it would substitute itself as the defendant. If the plaintiff had not thereafter made the administrative claim before the two-year statute of limitations had run, the United States would move to dismiss the case for failure to exhaust administrative remedies. 28 U.S.C. § 2679(d)(2).

To avoid that harsh result, the Westfall savings clause provides as follows:

(5) Whenever an action or proceeding in which the United States is substituted as a party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if –

(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5).

In other words, if the original claim is brought wrongly but timely, the Westfall Act's savings clause tolls the statute of limitations by crediting the plaintiff

with timely filing as long as the plaintiff makes a proper claim within 60 days of the case being dismissed.

Which is analogous to what happened here. Evans filed directly in state court within the period of the statute of limitations, so her case would have been timely had she instead made a proper administrative claim. The United States intervened and removed the case to federal court.  Meanwhile, after her original case was dismissed, Evans made a claim with the appropriate federal agency, the Department of Health and Human Services ("HHS"). Her claim was outside the two-year limitations period, but it should have been "saved" by operation of the Westfall savings clause, in that her original suit would have been timely had it been served on HHS and because she made the required claim within 60 days of her original civil action being dismissed.

The District Court held the Westfall Act's saving provision did not apply, however, because the statute states the savings provision applies only if the United States is substituted as a party defendant "under this subsection," 28 U.S.C. §2679, and the United States substituted itself in the instant case pursuant to 42 U.S.C. § 233. The dichotomy comes about because originally the PHSA included only actual employees of the federal government. Subsequently, the Federally Supported Health Centers Assistance Act ("FSHCAA") of 1992 and 1995, amended the laws so that private "health centers" receiving federal funds under 42 U.S.C. § 254b, as well as officers, board members, and certain contractors of such entities, were made eligible for the same PHSA and FTCA protections as federal Public Health affiliates and employees. The United States in the instant case certified that defendant Access

13

received federal funding and Dr. Oronsaye was acting on behalf of Access, and therefore they were deemed Public Service affiliates and the case was "deemed a tort action brought against the United States." *See Perez-Rodriguez v. United States,* 2023 U.S. Dist. LEXIS 60339 (D.P.R.), at *5, *citing* 42 U.S.C. § 233(g)(1)(A). Thus, the United States removed the case pursuant to section 233, not section 2679, and the District Court held Westfall savings provision did not apply.

The Court's construction ignored the statute as a whole. As the District Court in *Bilonda v. United States,* 2022 U.S. Dist. LEXIS 226061 (D.Ariz.), stated in rejecting that view, a number of courts have applied the Westfall Act to FSHCAA actions. *Id., citing Brooks v. HSHS Med. Grp., Inc.*, 513 F. Supp. 3d 1069, 1086 (S.D. Ill. 2021) ("[T]he Westfall Act applies in FSHCAA cases."); *Booker v. United States*, 2015 U.S. Dist. LEXIS 81735 (E.D. Pa. June 24, 2015) (same); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82-84 (2d Cir. 2005) (same). These courts recognize that the overarching point of the FSHCAA is to make the FTCA "the exclusive remedy for actions against employees of the [Public Health Service]." *Belonda, quoting McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004). *See also Huertero v. United States,* 601 F.Appx 169, 171 (3d Cir. 2015) (applying savings clause to "deemed" federal employee). In other words, the case should be treated as if it *were* an action brought pursuant to the FTCA, which includes the Westfall Act timeliness exception. *Bilonda,* 2022 U.S. Dist. LEXIS, at *5. *Cf. Booker*, 2015 U.S. Dist. LEXIS at *27-28 (substitutions under section 233(l)(2) and section 2679(d)(3) are equivalent and the Westfall savings provision remains available for both).

14

This was also the reasoned view of the District Court in *Herrera v. United States*, Dkt 14, 20-cv-5238 (N.D.Il.) (Judge Norgle). Though unpublished, Judge Norgle provided logical insight into how to the answer the question whether the Westfall savings clause applies to section 233 substitution cases. Besides citing some out-of-district cases in agreement, *Booker v. United States,* 2015 U.S. Dist. LEXIS 81735 (E.D.Pa), and *D'Alessandro v. United States,* 2019 U.S. Dist. LEXIS 101690 (W.D.N.Y.), *see Herrera* at 7-8, Judge Norgle predicted this Court would reach the same conclusion, which he analyzed as follows:

> [T]he Seventh Circuit has suggested that the Savings Clause can apply to cases brought pursuant to § 233. *Chronis v. United States,*, 932 F.3d 544, 549 n.5 (7th Cir. 2019) ("plaintiff's ability to [return to federal court] is enhanced by the Westfall Act" and so "[i]t might be, then, that she can file a timely suit under the Federal Tort Claims Act if the agency denies her claim."); *Blanche v. United States,* 811 F.3d 953, 957 (7th Cir. 2016) (stating that "both the claims against Dr. Marsheh and against the parental care providers are treated as a lawsuit against the United States for purposes of the FTCA, 42 U.S.C. §233(g). As a result, the FTCA statute of limitations applies … [and] the FTCA's savings provision applies because [Plaintiff] presented her complaint to the HHS within 60 days of her claims' dismissal," but holding that "the two-year statute of limitations had expired before [Plaintiff] filed suit"); *Arroyo v. United States,* 656 F.3d 663, 668 (7th Cir. 2011) ("This two year statute of limitation period is loosened by the Act's savings provision …."). *Absent alternative instruction from the Seventh Circuit, this Court is persuaded that it should apply that precedent.*

Dkt 14, *Herrera*, 20-cv-5238, at 7 (emphasis added)[1].

In the instant case the District Court noted that in *P.W. by Woodson v. United States*, 990 F.3d 515, 522 n.4 (7th Cir. 2021), a case that admittedly post-dated Judge Norgle's unpublished memorandum and the Seventh Circuit cases it cited, and

---

[1] Plaintiff is well aware this interim decision by Judge Norgle lacks precedential value, but it and the numerous Lexis and Westlaw decisions show how the District Courts are providing their interpretations and views of the law.

construed the Seventh Circuit as having conveyed the view that the Westfall Act's application to Section 233 cases was an "open question in this Circuit." *Evans v. United States,* 2022 U.S. Dist. LEXIS 232470 (N.D.Il.), at *9. But what this Court actually said was that *P.W. Woodson* recognizes that "a separate statute – 42 U.S.C. §233(g) – addresses federally funded health centers," and that "this section, at least on its face, does *not* appear to foreclose application of the Westfall Act to federally funded health centers." *P.W. Woodson,* 990 F.3d at 522, n.4 (emphasis added), *and citing Helms ex rel. Taylor v. Atrium Health Care & Rehab. Center of Cahokia*, 2010 U.S. Dist. LEXIS 106363 (S.D.Il.), for the proposition that "employees," for purposes of the Westfall Act, "include federally funded health centers and their employees"), *in turn citing Jacobs v. Castillo,* 612 F.Supp.2d 369, 372 (S.D.N.Y. 2009).

There's a reason these courts have applied the Westfall savings clause to all public health employees, whether actual or deemed, because it just makes sense. As noted, *supra,* the District Court cited three Seventh Circuit cases, *Chronis v. United States,* 932 F.3d 544, 549 n. 5 (7th Cir. 2019), *Blanche v. United States,* 811 F.3d 953, 958 (7th Cir. 2016), and *Arroyo v. United States*, 656 F.3d 663, 668 (7th Cir. 2011), as having made that assumption in dicta. It makes no logical sense why the savings clause would apply statutes of limitations piecemeal. Plaintiff submits that once removal and substitution occurs then the whole of the statute of limitations provisions applies, including the savings provision, exactly what this Court said in dicta and a number of its district courts have naturally assumed. The District Court below remarked that this Court's dicta cannot override the clear language of the statute; what has been clear to the courts, however, is the overarching point of the

16

statute to provide the same conditions to cases where the defendants worked for

federally funded health organizations as if they worked for the federal government.

The point should not be, as the implication from the District Court opinion below

produces, a test for the unwary. The District Court decision should be reversed.

## II. THE DISTRICT COURT ERRED IN ITS FINDING THAT EQUITABLE TOLLING DID NOT APPLY IN THIS CASE

Evans also argued that equitable tolling should have been applied in this

case. The District Court rejected her argument. The District Court found that Evans

had not cited any extraordinary circumstances that prevented her from timely

seeking relief under the FTCA. (Dkt #28 at 11).

To succeed on a claim of equitable tolling a plaintiff must show that she acted

with reasonable due diligence. *Mitchell v. Donchin,* 286 F.3d 447, 451 (7th Cir. 2002).

Under Illinois law it may be appropriate where a plaintiff mistakenly asserted his or

her rights in the wrong forum. *American Family Mutual Ins. Co. v. Plunkett,* 14 N.E.3d

676, 681 (1st Dist. 2014). Under federal law, it is reserved for rare instances where a

plaintiff was prevented in some extraordinary way from filing his complaint on time.

*P.W. by Woodson,* 990 F.3d at 523.

Evans filed her claim originally in state court within two years from the

accrual of her cause of action. The United States removed the case and substituted

itself for the named defendants, and then moved to dismiss the case for failure to

exhaust administrative remedies, alleging that Access received federal funding from

the Public Health Service and that Dr. Oronsaye was working within the scope of

her employment at Access with respect to the incidents described in the complaint.

17

(*Evans I,* Dkt #4). Evans responded in part that there was insufficient information at the time to conclusively state whether Dr. Oronsaye was acting within the scope of his employment with Access during his care and treatment of Evans. (*Id.,* Dkt #11). The District Court ultimately dismissed the complaint for failure to exhaust, noting that Evans never contested Dr. Oronsaye's uncontested affidavit that he treated Evans solely in his capacity as an Access employee. (*Id.,* Dkt #30). *See also* Appendix at 27. She actively contested the United States' argument that the case belonged in federal court. Within days of the dismissal Evans filed the claim with HHS.

The District Court was wrong when it declined to give Evans credit for equitable tolling in these circumstances. Evans originally filed in state court when it was an open question whether Dr. Oronsaye was working in his capacity as an employee of an entity that received federal funding. Every action Evans took after the case was dismissed on those grounds was done promptly. Moreover, at the time when Evans filed her original complaint substantial Seventh Circuit law strongly implied the savings clause *did* apply to federally funded health centers, *see P.W. Woodson,* 990 F.3d at 528 n.4, with the District Court below conceding that "dicta" in at least three Seventh Circuit cases – *Chronis v. United States,* 932 F.3d 544, 549 n. 5 (7th Cir. 2019), *Blanche v. United States,* 811 F.3d 953, 958 (7th Cir. 2016), and *Arroyo v. United States*, 656 F.3d 663, 668 (7th Cir. 2011) – giving support for that assumption. (Dkt #23 at 6). *See also* Appendix at 34. That fact would have suggested to someone researching the matter to believe that if he or she filed in the wrong forum the savings provision would be available to preserve the cause of action.

18

Misdirection by the courts constitutes an exceptional circumstance that should have been considered by the District Court as a basis to apply equitable tolling. For that reason, the decision of the District Court should be reversed.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the decision of the District Court be reversed.

Respectfully submitted,
DENISE EVANS

By:    <u>/s/ Barry A. Spevack</u>
One of her attorneys

Barry A. Spevack
MONICO & SPEVACK LLC
53 West Jackson Blvd.
Suite 1315
Chicago, IL 60604
312-782-8500
    Attorneys for Plaintiff

<u>**CERTIFICATE OF COMPLIANCE**</u>

Barry A. Spevack, an attorney, states this document complies with the type and page requirements because it is less than 20 pages using Amasis MT Pro12 point proportionately spaced type face in the body and 11 point in the footnotes.


<u>/s/ Barry A. Spevack</u>


<u>**CERTIFICATE OF SERVICE**</u>

Barry A. Spevack, an attorney, states that all parties were served through the Court's electronic filing system when the brief and appendix were filed on June 14, 2023.


<u>/s/ Barry A. Spevack</u>

### APPENDIX

#### Contents

Notice of Removal & Substitution (09/21/21)    ………..    A-2

Order re Failure to Exhaust (1-24-22)    …………………    A-27

Memorandum Opinion & Order (12/28/22)    ………..    A-29

Judgment Order (12-28-22)    …………………    A-38

Docket Entries    ……………………………………………    A-39

### Statement

Barry A. Spevack, an attorney, pursuant to Circuit Rule 30(d), states that all the materials required by parts (a) and (b) of this rule are included in the Appendix.

/s/ Barry A. Spevack

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENISE EVANS,                           )
                                        )
                Plaintiff,              )
                                        )
        v.                              )
                                        )       No. 21 C 4805
OSARENTIN ORONSAYE, M.D., ACCESS        )
COMMUNITY HEALTH NETWORK, d/b/a         )       Judge
SINAI MEDICAL GROUP, THE MOUNT          )
SINAI COMMUNITY FOUNDATION,             )
d/b/a SINAI MEDICAL GROUP, MOUNT        )       Formerly Case No. 2021 L 006977
SINAI HOSPITAL MEDICAL CENTER OF        )       Circuit Court of Cook County, Illinois
CHICAGO, d/b/a MOUNT SINAI              )
HOSPITAL, and SINAI HEALTH SYSTEM       )
d/b/a MOUNT SINAI HOSPITAL,             )
                                        )
                Defendants.             )

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:    Iris Martinez                        Matthew Heimlich
       Clerk of the Circuit Court           Law Offices of Steven J. Malman
       Richard J. Daley Center, Room 1001   Associates, P.C.
       50 West Washington Street            205 W. Randolph Street
       Chicago, Illinois 60602             Suite 1700
                                            Chicago, Illinois 60606

       The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern

District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

       1.      On July 9, 2021, plaintiff Denise Evans commenced the above civil action against

Osarentin Oronsaye, M.D., the Access Community Health Network, and others, alleging medical

malpractice.  A copy of the state court complaint is attached as Exhibit A.  For purposes of this

lawsuit, Access Community Health Network is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 254b and was deemed to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233.  Exhibit B.  In addition, Osarentin Oronsaye, M.D., was acting within the scope of his employment at the Access Community Health Network with respect to the incidents referred to in the complaint.  *Id.*

2.     This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant Access Community Health Network was a private entity receiving grant money from the Public Health Service and that defendant Osarentin Oronsaye, M.D., was acting within the scope of his employment at the Access Community Health Network with respect to the incidents referred to in the complaint.  Exhibit B.

3.     This notice of removal may be filed without bond at any time before trial.  42 U.S.C. § 233(c).  Trial has not yet been had in this action.

4.     Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendants Access Community Health Network and Osarentin Oronsaye, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is

properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as

the defendant in lieu of Access Community Health Network and Osarentin Oronsaye, M.D.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Danielle Anne Phillip
DANIELLE ANNE PHILLIP
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-2039
danielle.phillip@usdoj.gov

# Exhibit A

12-Person Jury

FILED
7/9/2021 12:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
13978896

STATE OF ILLINOIS      )
                       ) SS.
COUNTY OF COOK         )

Firm ID: 31535

FILED DATE: 7/9/2021 12:56 PM   2021L006977

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

DENISE EVANS,

      Plaintiff,

      *versus*

OSARENTIN ORONSAYE, M.D., ACCESS
COMMUNITY HEALTH NETWORK, d/b/a
SINAI MEDICAL GROUP, THE MOUNT
SINAI COMMUNITY FOUNDATION, d/b/a
SINAI MEDICAL GROUP, MOUNT SINAI
HOSPITAL MEDICAL CENTER OF
CHICAGO, d/b/a MOUNT SINAI HOSPITAL,
and SINAI HEALTH SYSTEM d/b/a MOUNT
SINAI HOSPITAL,

      Defendant.

Court # 2021L006977

*JURY DEMANDED*

## COMPLAINT AT LAW

Now comes the Plaintiff, **DENISE EVANS**, by and through her attorneys, LAW

OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for her Complaint at Law

against the Defendants **OSARENTIN ORONSAYE, M.D., ACCESS COMMUNITY**

**HEALTH NETWORK, d/b/a SINAI MEDICAL GROUP, THE MOUNT SINAI**

**COMMUNITY FOUNDATION, d/b/a SINAI MEDICAL GROUP, MOUNT SINAI**

**HOSPITAL MEDICAL CENTER OF CHICAGO, d/b/a MOUNT SINAI HOSPITAL, and**

**SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL**, states as follows:

FILED DATE: 7/9/2021 12:56 PM   2021L006977

## COUNT I
### MEDICAL NEGLIGENCE
### (EVANS V. ORONSAYE)

1.      On and before July 24, 2019, and at all times relevant to this cause of action, the

Defendant **OSARENTIN ORONSAYE, M.D**. was and is a physician licensed to practice

medicine in the State of Illinois, specializing in obstetrics and gynecology.

2.      At all times relevant to this cause of action, **OSARENTIN ORONSAYE, M.D**.

provided medical services to the public, including **DENISE EVANS** (hereinafter "**DENISE**").

3.      At all times relevant to this cause of action, Defendant **OSARENTIN**

**ORONSAYE, M.D**. held himself out and otherwise informed the public and the Plaintiff that he

possessed the requisite skill, competence, knowledge and personnel to properly care for and treat

patients like **DENISE**.

4.      At all times relevant to this cause of action, the Plaintiff, **DENISE**, entrusted herself

entirely to the care of **OSARENTIN ORONSAYE, M.D**.

5.      Intermittently between July 24, 2019 and August 2, 2019, **DENISE** was cared for

and treated by Defendant **OSARENTIN ORONSAYE, M.D**.

6.      At all times relevant to this cause of action, it was the duty of Defendant

**OSARENTIN ORONSAYE, M.D.**, to possess and apply the knowledge and use the skill and care

ordinarily used by physicians practicing in the field of obstetrics and gynecology with respect to

the diagnosis, care and treatment of **DENISE**.

7.      Notwithstanding the foregoing duty, Defendant, **OSARENTIN ORONSAYE,**

**M.D.**, did commit one or more or all of the foregoing acts and/or omissions:

> (a)     Failed to inform **DENISE**'s of the results of her endometrial biopsy
> and polyp removal;

FILED DATE: 7/9/2021 12:56 PM    2021L006977

(b)    Failed to discuss reasonable treatment alternatives with **DENISE,** including postponing the hysterectomy, given her normal pathology results;

(c)    Failed to identify **DENISE**'s ureter during her August 2, 2019 hysterectomy; and

(d)    Failed to protect **DENISE**'s ureter during her August 2, 2019 hysterectomy;

8.    As a direct and proximate result of the professional negligence of Defendant **OSARENTIN ORONSAYE, M.D., DENISE** suffered injuries, including but not limited to a right ureteral injury, causing her to experience pain and suffering, loss of a normal life, disability, and to become responsible for the payment of large sums of money for her medical care and treatment, all to her damage.

9.    Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the Affidavit of Matthew Heimlich is attached to this Complaint.

10.    Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the report of a reviewing health professional is attached to this Complaint.

WHEREFORE the Plaintiff, **DENISE EVANS**, deceased, prays for judgment against the Defendant, **OSARENTIN ORONSAYE, M.D.**, in a sum in excess of fifty thousand dollars ($50,000.00) that will fairly and adequately compensate the Plaintiff, together with costs of this suit.

### COUNT II
### MEDICAL NEGLIGENCE
### (EVANS V. ACCESS HEALTH)

1.    On and before July 24, 2019, and at all times relevant to this cause of action, the Defendant **ACCESS COMMUNITY HEALTH NETWORK, d/b/a SINAI MEDICAL GROUP ("ACCESS HEALTH")** was an Illinois not-for-profit corporation that employed various physicians, including Defendant **OSARENTIN ORONSAYE, M.D.**

2.     On and before July 24, 2019, and at all times relevant to this cause of action, **ACCESS HEALTH** provided medical services to the public, including the Plaintiff, **DENISE EVANS** (hereinafter "**DENISE**").

3.     At all times relevant to this cause of action, Defendant **ACCES HEALTH** held itself out and otherwise informed the public and the Plaintiff that it, through its authorized agents, apparent agents, servants and/or employees, including **OSARENTIN ORONSAYE, M.D.**, had and possessed the requisite skill, competence, knowledge and personnel to properly care for and treat patients like **DENISE**.

4.     At all times relevant to this cause of action, the Plaintiff, **DENISE**, entrusted herself entirely to the care of **ACCESS HEALTH**, through its authorized agent, apparent agent, servant and/or employee **OSARENTIN ORONSAYE, M.D.**

5.     Intermittently between July 24, 2019 and August 2, 2019, **DENISE** was cared for and treated by Defendant **ACCESS HEALTH** through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D.**

6.     At all times relevant to this cause of action, it was the duty of Defendant **ACCESS HEALTH**, through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D,** to possess and apply the knowledge and use the skill and care ordinarily used by physicians practicing in the field of obstetrics and gynecology with respect to the diagnosis, care and treatment of **DENISE**.

7.     Notwithstanding the foregoing duty, Defendant, **ACCESS HEALTH** through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D**, did commit one or more or all of the foregoing acts and/or omissions:

> (a)     Failed to inform **DENISE**'s of the results of her endometrial biopsy and polyp removal;

FILED DATE: 7/9/2021 12:56 PM    2021L006977

FILED DATE: 7/9/2021 12:56 PM    2021L006977

(b)    Failed to discuss reasonable treatment alternatives with **DENISE**, including postponing the hysterectomy, given her normal pathology results;

(c)    Failed to identify **DENISE**'s ureter during her August 2, 2019 hysterectomy; and

(d)    Failed to protect **DENISE**'s ureter during her August 2, 2019 hysterectomy;

8.    As a direct and proximate result of the professional negligence of Defendant **ACCESS HEALTH**, through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D.**, **DENISE** suffered injuries, including but not limited to a right ureteral injury, causing her to experience pain and suffering, loss of a normal life, disability, and to become responsible for the payment of large sums of money for her medical care and treatment, all to her damage.

9.    Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the Affidavit of Matthew Heimlich is attached to this Complaint.

10.    Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the report of a reviewing health professional is attached to this Complaint.

WHEREFORE the Plaintiff, **DENISE EVANS**, prays for judgment against the Defendant, **ACCESS COMMUNITY HEALTH NETWORK**, in a sum in excess of fifty thousand dollars ($50,000.00) that will fairly and adequately compensate the Plaintiff, together with costs of this suit.

### COUNT III
### MEDICAL NEGLIGENCE
### (EVANS V. SINAI MEDICAL GROUP)

1.    On and before July 24, 2019, and at all times relevant to this cause of action, the Defendant **THE MOUNT SINAI COMMUNITY FOUNDATION, d/b/a SINAI MEDICAL**

FILED DATE: 7/9/2021 12:56 PM    2021L006977

GROUP ("**MEDICAL GROUP**") was an Illinois not-for-profit corporation that employed various physicians, including Defendant **OSARENTIN ORONSAYE, M.D.**

2.      On and before July 24, 2019, and at all times relevant to this cause of action, **MEDICAL GROUP** provided medical services to the public, including the Plaintiff, **DENISE EVANS** (hereinafter "**DENISE**").

3.      At all times relevant to this cause of action, Defendant **MEDICAL GROUP** held itself out and otherwise informed the public and the Plaintiff that it, through its authorized agents, apparent agents, servants and/or employees, including **OSARENTIN ORONSAYE, M.D.**, had and possessed the requisite skill, competence, knowledge and personnel to properly care for and treat patients like **DENISE**.

4.      At all times relevant to this cause of action, the Plaintiff, **DENISE**, entrusted herself entirely to the care of **MEDICAL GROUP**, through its authorized agent, apparent agent, servant and/or employee **OSARENTIN ORONSAYE, M.D.**

5.      Intermittently between July 24, 2019 and August 2, 2019, **DENISE** was cared for and treated by Defendant **MEDICAL GROUP** through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D.**

6.      At all times relevant to this cause of action, it was the duty of Defendant **MEDICAL GROUP**, through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D**, to possess and apply the knowledge and use the skill and care ordinarily used by physicians practicing in the field of obstetrics and gynecology with respect to the diagnosis, care and treatment of **DENISE.**

7.     Notwithstanding the foregoing duty, Defendant, **MEDICAL GROUP** through its authorized agent, apparent agent, servant, and/or employee OSARENTIN ORONSAYE, M.D, did commit one or more or all of the foregoing acts and/or omissions:

     (a)    Failed to inform **DENISE**'s of the results of her endometrial biopsy and polyp removal;

     (b)    Failed to discuss reasonable treatment alternatives with **DENISE**, including postponing the hysterectomy, given her normal pathology results;

     (c)    Failed to identify **DENISE**'s ureter during her August 2, 2019 hysterectomy; and

     (d)    Failed to protect **DENISE**'s ureter during her August 2, 2019 hysterectomy;

8.     As a direct and proximate result of the professional negligence of Defendant **MEDICAL GROUP**, through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D., DENISE** suffered injuries, including but not limited to a right ureteral injury, causing her to experience pain and suffering, loss of a normal life, disability, and to become responsible for the payment of large sums of money for her medical care and treatment, all to her damage.

9.     Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the Affidavit of Matthew Heimlich is attached to this Complaint.

10.     Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the report of a reviewing health professional is attached to this Complaint.

WHEREFORE the Plaintiff, **DENISE EVANS**, prays for judgment against the Defendant, **THE MOUNT SINAI COMMUNITY FOUNDATION, d/b/a SINAI MEDICAL GROUP**, in a sum in excess of fifty thousand dollars ($50,000.00) that will fairly and adequately compensate the Plaintiff, together with costs of this suit.

FILED DATE: 7/9/2021 12:56 PM   2021L006977

FILED DATE: 7/9/2021 12:56 PM   2021L006977

### COUNT IV
#### MEDICAL NEGLIGENCE
#### (EVANS V. MOUNT SINAI HOSPITAL)

1.      On and before July 24, 2019, and at all times relevant to this cause of action, the

Defendant **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, d/b/a**

**MOUNT SINAI HOSPITAL ("MOUNT SINAI")** was an Illinois not-for-profit corporation that

provided medical and hospital services to the public and employed various physicians, including

Defendant **OSARENTIN ORONSAYE, M.D**.

2.      On and before July 24, 2019, and at all times relevant to this cause of action,

MOUNT SINAI provided medical services to the public, including the Plaintiff, **DENISE EVANS**

(hereinafter "**DENISE**").

3.      At all times relevant to this cause of action, Defendant **MOUNT SINAI** held itself

out and otherwise informed the public and the Plaintiff that it, through its authorized agents,

apparent agents, servants and/or employees, including **OSARENTIN ORONSAYE, M.D**., had

and possessed the requisite skill, competence, knowledge and personnel to properly care for and

treat patients like DENISE.

4.      At all times relevant to this cause of action, the Plaintiff, **DENISE,** entrusted herself

entirely to the care of **MOUNT SINAI**, through its authorized agent, apparent agent, servant

and/or employee **OSARENTIN ORONSAYE, M.D**.

5.      Intermittently between July 24, 2019 and August 2, 2019, **DENISE** was cared for

and treated by Defendant **MOUNT SINAI** through its authorized agent, apparent agent, servant,

and/or employee **OSARENTIN ORONSAYE, M.D**.

6.      At all times relevant to this cause of action, it was the duty of Defendant **MOUNT**

**SINAI**, through its authorized agent, apparent agent, servant, and/or employee, **OSARENTIN**

FILED DATE: 7/9/2021 12:56 PM   2021L006977

**ORONSAYE, M.D**. to possess and apply the knowledge and use the skill and care ordinarily used by physicians practicing in the field of obstetrics and gynecology with respect to the diagnosis, care and treatment of **DENISE.**

    7.    Notwithstanding the foregoing duty, Defendant, **MOUNT SINAI** through its authorized agent, apparent agent, servant, and/or employee, **OSARENTIN ORONSAYE, M.D**. did commit one or more or all of the foregoing acts and/or omissions:

    (a)    Failed to inform **DENISE**'s of the results of her endometrial biopsy and polyp removal;

    (b)    Failed to discuss reasonable treatment alternatives with **DENISE**, including postponing the hysterectomy, given her normal pathology results;

    (c)    Failed to identify **DENISE**'s ureter during her August 2, 2019 hysterectomy; and

    (d)    Failed to protect **DENISE**'s ureter during her August 2, 2019 hysterectomy;

    8.    As a direct and proximate result of the professional negligence of Defendant **MOUNT SINAI**, through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D., DENISE** suffered injuries, including but not limited to a right ureteral injury, causing her to experience pain and suffering, loss of a normal life, disability, and to become responsible for the payment of large sums of money for her medical care and treatment, all to her damage.

    9.    Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the Affidavit of Matthew Heimlich is attached to this Complaint.

    10.    Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the report of a reviewing health professional is attached to this Complaint.

WHEREFORE the Plaintiff, **DENISE EVANS**, prays for judgment against the Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, d/b/a MOUNT SINAI HOSPITAL**, in a sum in excess of fifty thousand dollars ($50,000.00) that will fairly and adequately compensate the Plaintiff, together with costs of this suit.

**COUNT V**
**MEDICAL NEGLIGENCE**
**(EVANS V. SINAI HEALTH)**

1.      On and before July 24, 2019, and at all times relevant to this cause of action, the Defendant **SINAI HEALTH SYSTEM ("SINAI HEALTH")** was an Illinois not-for-profit corporation that provided medical, hospital and health care services to the public and employed various physicians, including Defendant **OSARENTIN ORONSAYE, M.D.**

2.      On and before July 24, 2019, and at all times relevant to this cause of action, **SINAI HEALTH** provided medical services to the public, including the Plaintiff, **DENISE EVANS** (hereinafter "**DENISE**").

3.      At all times relevant to this cause of action, Defendant **SINAI HEALTH** held itself out and otherwise informed the public and the Plaintiff that it, through its authorized agents, apparent agents, servants and/or employees, including **OSARENTIN ORONSAYE, M.D.**, had and possessed the requisite skill, competence, knowledge and personnel to properly care for and treat patients like **DENISE**.

4.      At all times relevant to this cause of action, the Plaintiff, **DENISE**, entrusted herself entirely to the care of **SINAI HEALTH**, through its authorized agent, apparent agent, servant and/or employee **OSARENTIN ORONSAYE, M.D.**

FILED DATE: 7/9/2021 12:56 PM   2021L006977

5.     Intermittently between July 24, 2019 and August 2, 2019, **DENISE** was cared for and treated by Defendant **SINAI HEALTH** through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D**.

6.     At all times relevant to this cause of action, it was the duty of Defendant **SINAI HEALTH**, through its authorized agent, apparent agent, servant, and/or employee, **OSARENTIN ORONSAYE, M.D.** to possess and apply the knowledge and use the skill and care ordinarily used by physicians practicing in the field of obstetrics and gynecology with respect to the diagnosis, care and treatment of **DENISE**.

7.     Notwithstanding the foregoing duty, Defendant, **SINAI HEALTH** through its authorized agent, apparent agent, servant, and/or employee, **OSARENTIN ORONSAYE, M.D**. did commit one or more or all of the foregoing acts and/or omissions:

   (a)   Failed to inform **DENISE**'s of the results of her endometrial biopsy and polyp removal;

   (b)   Failed to discuss reasonable treatment alternatives with DENISE, including postponing the hysterectomy, given her normal pathology results;

   (c)   Failed to identify **DENISE**'s ureter during her August 2, 2019 hysterectomy; and

   (d)   Failed to protect **DENISE**'s ureter during her August 2, 2019 hysterectomy;

8.     As a direct and proximate result of the professional negligence of Defendant **SINAI HEALTH**, through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D., DENISE** suffered injuries, including but not limited to a right ureteral injury, causing her to experience pain and suffering, loss of a normal life, disability, and to become responsible for the payment of large sums of money for her medical care and treatment, all to her damage.

FILED DATE: 7/9/2021 12:56 PM   2021L006977

9.     Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure,

the Affidavit of Matthew Heimlich is attached to this Complaint.

10.     Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure,

the report of a reviewing health professional is attached to this Complaint.

WHEREFORE the Plaintiff, **DENISE EVANS**, deceased, prays for judgment against the

Defendant, **SINAI HEALTH SYSTEM**, in a sum in excess of fifty thousand dollars ($50,000.00)

that will fairly and adequately compensate the Plaintiff, together with costs of this suit.

Respectfully submitted,
MALMAN LAW

/s/ Matthew Heimlich
Attorney for Plaintiff

Firm. No. 31555
Matthew Heimlich
LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.
205 West Randolph Street, Suite 1700
Chicago, IL 60606
(312) 629-0099
mheimlich@malmanlaw.com

FILED DATE: 7/9/2021 12:56 PM   2021L006977

STATE OF ILLINOIS        )                          **Firm ID: 31555**
                         ) SS.
COUNTY OF COOK           )                          FILED
                                                    7/9/2021 12:56 PM
                    IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    IRIS Y. MARTINEZ
                         COUNTY DEPARTMENT, LAW DIVISION             CIRCUIT CLERK
                                                    COOK COUNTY, IL

| | |
|---|---|
| DENISE EVANS, | |
| **Plaintiff,** | |
| *versus* | Court #2021L006977 |
| **OSARENTIN ORONSAYE, M.D., ACCESS COMMUNITY HEALTH NETWORK, d/b/a SINAI MEDICAL GROUP, THE MOUNT SINAI COMMUNITY FOUNDATION, d/b/a SINAI MEDICAL GROUP, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, d/b/a MOUNT SINAI HOSPITAL, and SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL,** | *JURY DEMANDED* |
| **Defendant.** | |

FILED DATE: 7/9/2021 12:56 PM    2021L006977

### 12-PERSON JURY DEMAND

The undersigned demands a jury trial.


                                        /s/Matthew Heimlich
                                        *Attorney for Plaintiff*


Matthew Heimlich
LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.
205 W. Randolph, Suite 1700
Chicago, Illinois 60606
312-629-0099
mheimlich@malmanlaw.com

STATE OF ILLINOIS )        **Firm ID: 31555**
                  ) SS.
COUNTY OF COOK    )        FILED
                          7/9/2021 12:56 PM
                          IRIS Y. MARTINEZ
    IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    CIRCUIT CLERK
        COUNTY DEPARTMENT, LAW DIVISION             COOK COUNTY, IL

DENISE EVANS,

        **Plaintiff,**

        *versus*

OSARENTIN ORONSAYE, M.D., ACCESS      Court # 2021L006977
COMMUNITY HEALTH NETWORK, d/b/a
SINAI MEDICAL GROUP, THE MOUNT
SINAI COMMUNITY FOUNDATION, d/b/a
SINAI MEDICAL GROUP, MOUNT SINAI      *JURY DEMANDED*
HOSPITAL    MEDICAL    CENTER    OF
CHICAGO, d/b/a MOUNT SINAI HOSPITAL,
and SINAI HEALTH SYSTEM d/b/a MOUNT
SINAI HOSPITAL,

        **Defendant.**

### AFFIDAVIT PURSUANT TO 735 ILCS § 5/2-622

I, Matthew Heimlich, being first duly sworn under oath, state as follows:

1.    That I have consulted and reviewed the facts of this case with a physician licensed to practice medicine in all its branches who I reasonably believe (a) is knowledgeable in the relevant issues involved in this particular action; (b) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action; and (c) is qualified by experience or demonstrated competence in the subject this case.

2.    That attached is the reviewing physician's written report, which after review of the medical records and other relevant material involved in this particular action indicates that there is a reasonable and meritorious cause for the filing of such action.

3.    That I have concluded on the basis of the physician's professional's review and consultation that there is a reasonable and meritorious cause for the filing of this action.

4.      That attached is a copy of the physician's report referenced in this affidavit as Exhibit A, further affiant sayeth not.

/s/ Matthew Heimlich
Attorney for Plaintiff

SUBSCRIBED AND SWORN TO
before me this 9th day
of July, 2021.

/s/ Raquel Renteria
Notary Public

```
OFFICIAL SEAL
RAQUEL RENTERIA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/15/23
```

FILED DATE: 7/9/2021 12:56 PM   2021L006977

FILED DATE: 7/9/2021 12:56 PM    2021L006977

RE:    Denise Evans v. Osarentin Oronsaye, M.D.

**HEALTH PROFESSIONAL'S REPORT**

1.    I am a physician licensed to practice medicine in all its branches and practice or teach in the area of medicine applicable in this case.

2.    I am knowledgeable in the relevant issues involved in this particular action.

3.    I have practiced within the last 6 years in the same area of health care or medicine that is at issue in this particular action and/or have taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action.

4.    I am qualified by experience and have demonstrated competence in the subject of this cause.

5.    I am familiar with the standard of care for obstetricians and gynecologists as it currently relates to issues of informed consent, care and treatment for patients undergoing a hysterectomy.

6.    I have read and reviewed documents, including but not limited to the following of Denise Evans' ("DENISE") records in this case:

      a.    Access Community Health

          i.    Dates of Treatment: 5/17/19 to 8/27/19 (intermittent)

      b.    Mt. Sinai Hospital

          i.    Dates of Treatment:  8/2/19 to 8/3/19; 8/9/19 to 8/16/19; 8/20/19 to 11/18/19 (intermittent)

      c.    University of Illinois Chicago Medical Center
          i.    Dates of Treatment: 12/18/19 to 12/19/19; 1/20/20 to 1/23/20; 2/5/20

7.    On June 18, 2019, DENISE presented to DR. OSARENTIN ORONSAYE ("DR. ORONSAYE") with complaints of vaginal bleeding after 8 months of not having her menses.  An ultrasound revealed multiple fibroids and DENISE underwent an endometrial biopsy and cervical polyp removal on July 18, 2019.

8.    On July 24, 2019, DR. ORONSAYE documented that he went through the risks and benefits of the potential treatment options, indicating DENISE declined treatment options other than hysterectomy and scheduled surgery.

9.    On July 25, 2019, the pathology report on the cervical polyp report came back as benign and the endometrial biopsy came back with normal findings.  There is no indication these results were conveyed to DENISE, or alternative treatment options based on these normal findings were discussed with DENISE, including postponing the hysterectomy surgery to determine if the cervical polyp was causing the complained of bleeding.

10.    On August 2, 2019, DR. ORONSAYE performed a laparoscopic-assisted vaginal hysterectomy and bilateral salpingo-oophorectomy on DENISE at Mount Sinai Hospital. There is no indication in DR. ORONSAYE's operative report of what, if any, precautions he took to guard against ureteral injury, a known potential complication of the procedure.

11.    On August 8, 2019, DENISE returned to Mount Sinai Hospital with complaints of abdominal pain and distention. On August 14, 2019, she was discovered to have a right ureteral injury and a ureteral stent was placed later that day. She was discharged home with a drain and Foley catheter on August 16, 2019.

12.    During his care and treatment of DENISE, DR. ORONSAYE had a duty to provide medical services, care and treatment in accordance with accepted standards of care in the field of obstetrics and gynecology.

13.    Based upon my education, training, experience and knowledge, and review of the above-referenced materials, it is my opinion, to a reasonable degree of medical certainty, that the care and treatment provided by DR. ORONSAYE to DENISE beginning on July 24, 2019 and continuing through August 2, 2019, fell below the minimum standard of care and constituted negligence as he:

    (a)    Failed to inform DENISE of the results of her endometrial biopsy and polyp removal;

    (b)    Failed to discuss reasonable treatment alternatives with DENISE, including postponing the hysterectomy, given her normal pathology results;

    (c)    Failed to identify DENISE's ureter during her August 2, 2019 hysterectomy; and

    (d)    Failed to protect DENISE's ureter during her August 2, 2019 hysterectomy;

14.    As a result of the failures of care and negligent acts and omissions of the DR. ORONSAYE, DENISE suffered injuries including, but not limited to a right ureteral injury which has caused her unnecessary pain and suffering, disability, additional medical expenses, and other damages.

15.    In my opinion, there is a reasonable and meritorious basis for filing a cause of action against DR. ORONSAYE.

FILED DATE: 7/9/2021 12:56 PM   2021L006977

FILED DATE: 7/9/2021 12:56 PM    2021L006977

RE:     Denise Evans v. Mount Sinai Hospital and Sinai Medical Group

**HEALTH PROFESSIONAL'S REPORT**

1.      I am a physician licensed to practice medicine in all its branches and practice or teach in the area of medicine applicable in this case.

2.      I am knowledgeable in the relevant issues involved in this particular action.

3.      I have practiced within the last 6 years in the same area of health care or medicine that is at issue in this particular action and/or have taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action.

4.      I am qualified by experience and have demonstrated competence in the subject of this cause.

5.      I am familiar with the standard of care for obstetricians and gynecologists as it currently relates to issues of informed consent, care and treatment for patients undergoing a hysterectomy.

6.      I have read and reviewed documents, including but not limited to the following of Denise Evans' ("DENISE") records in this case:

        a.      Access Community Health

                i.      Dates of Treatment:  5/17/19 to 8/27/19 (intermittent)

        b.      Mt. Sinai Hospital

                i.      Dates of Treatment:  8/2/19 to 8/3/19; 8/9/19 to 8/16/19; 8/20/19 to 11/18/19 (intermittent)

        c.      University of Illinois Chicago Medical Center
                i.      Dates of Treatment:  12/18/19 to 12/19/19; 1/20/20 to 1/23/20; 2/5/20

7.      On June 18, 2019, DENISE presented to DR. ORONSAYE with complaints of vaginal bleeding after 8 months of not having her menses.  An ultrasound revealed multiple fibroids and DENISE underwent an endometrial biopsy and cervical polyp removal on July 18, 2019.

8.      On July 24, 2019, DR. ORONSAYE documented that he went through the risks and benefits of the potential treatment options, indicating DENISE declined treatment options other than hysterectomy and scheduled surgery.

9.      On July 25, 2019, the pathology report on the cervical polyp report came back as benign and the endometrial biopsy came back with normal findings.  There is no indication these results were conveyed to DENISE, or alternative treatment options based on these normal findings were discussed with DENISE, including postponing the hysterectomy surgery to determine if the cervical polyp was causing the complained of bleeding.

FILED DATE: 7/9/2021 12:56 PM   2021L006977

10. On August 2, 2019, DR. ORONSAYE performed a laparoscopic-assisted vaginal hysterectomy and bilateral salpingo-oophorectomy on DENISE at MOUNT SINAI HOSPITAL. There is no indication in DR. ORONSAYE's operative report of what, if any, precautions he took to guard against ureteral injury, a known potential complication of the procedure.

11. On August 8, 2019, DENISE returned to Mount Sinai Hospital with complaints of abdominal pain and distention. On August 14, 2019, she was discovered to have a right ureteral injury and a ureteral stent was placed later that day. She was discharged home with a drain and Foley catheter on August 16, 2019.

12. During his care and treatment of DENISE, DR. ORONSAYE had a duty to provide medical services, care and treatment in accordance with accepted standards of care in the field of obstetrics and gynecology.

13. Based upon my education, training, experience and knowledge, and review of the above-referenced materials, it is my opinion, to a reasonable degree of medical certainty, that the care and treatment provided by DR. ORONSAYE to DENISE beginning on July 24, 2019 and continuing through August 2, 2019, fell below the minimum standard of care and constituted negligence as he:

    (a) Failed to inform DENISE of the results of her endometrial biopsy and polyp removal;

    (b) Failed to discuss reasonable treatment alternatives with DENISE, including postponing the hysterectomy, given her normal pathology results;

    (c) Failed to identify DENISE's ureter during her August 2, 2019 hysterectomy; and

    (d) Failed to protect DENISE's ureter during her August 2, 2019 hysterectomy;

14. As a result of the failures of care and negligent acts and omissions of the DR. ORONSAYE, DENISE suffered injuries including, but not limited to a right ureteral injury which has caused her unnecessary pain and suffering, disability, additional medical expenses, and other damages.

15. In my opinion, there is a reasonable and meritorious basis for filing a cause of action against SINAI MEDICAL GROUP and MT. SINAI HOSPITAL for the negligent acts of their employee, agent and/or servant, DR. ORONSAYE, performed within the course and scope of his employment and/or agency.

# Exhibit B

**<u>CERTIFICATION</u>**

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint *Denise Evans v. Osarentin Oronsaye, M.D.*, *et al*., No. 2021 L 006977 (Circuit Court of Cook County, Illinois), and all attachments thereto.   On the basis of the information now available, I find that at the relevant times, Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 254b and was deemed to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233.   Further, I certify that Osarentin Oronsaye, M.D., was acting within the scope of his employment at Access Community Health Network with respect to the incidents referred to in the complaint.   Accordingly, for purposes of the above case, Access Community Health Network and Osarentin Oronsaye, M.D., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes only.

    s/ Thomas P. Walsh               
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
    for the Northern District of Illinois

Date: August 25, 2021

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 4805 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| UNITED STATES OF AMERICA, THE MOUNT | ) | |
| SINAI COMMUNITY FOUNDATION, SINAI | ) | |
| HEALTH SYSTEM, and MOUNT SINAI HOSPITAL | ) | |
| MEDICAL CENTER OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, Defendant United States of America's motion to dismiss [4] is granted, Plaintiff's claims against Sinai Defendants are remanded to state court, and Sinai Defendants' motion to dismiss [17] is denied without prejudice to renewal in state court. Plaintiff's claims against Defendant United States of America are dismissed without prejudice for failure to exhaust. Plaintiff's claims against Sinai Defendants are remanded to the Circuit Court of Cook County, Illinois. The 2/22/2022 status hearing [29] is stricken. Enter judgment order. Civil case closed.

## STATEMENT

The United States removed this case and substituted itself for prior defendants Osarentin Oronsaye and Access Community Health Network ("Access"), *see* 42 U.S.C. § 233(a), (c), and then moved to dismiss Denise Evans's claims against it for failure to exhaust under the Federal Tort Claims Act ("FTCA"). Docs. 1, 4. Although Evans initially argued that "there is insufficient information" to determine whether Oronsaye was acting exclusively within the scope of his employment with Access during his treatment of her, Doc. 11 at ¶ 9, she later told the court that the evidentiary record on that question was complete, Doc. 14. Accordingly, based on Oronsaye's uncontested declaration that he treated Evans solely in his capacity as an Access employee, Doc. 12-2 at ¶¶ 3-6, and the Attorney General's designee's certification that Oronsaye and Access are "deemed to be employees of the United States … for federal statutory tort purposes" in this case, Doc. 1 at 28, the United States was entitled to substitute itself for Oronsaye and Access. In addition, because no party opposes the United States's motion to dismiss, and the motion has merit in any event, Evans's claims against the United States are dismissed for failure to exhaust under the FTCA. *See Chaba v. USPS*, 2021 WL 1293830, at *3 (N.D. Ill. Apr. 7, 2021). The dismissal is without prejudice. *See Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989).

That leaves Evans's claims against Sinai Defendants, who move to dismiss on the ground that, under § 233(a), the United States's substitution of itself for Oronsaye and Access under the FTCA precludes Evans's claims not only against Oronsaye and Access, but also against Sinai Defendants. Doc. 17. As the court indicated on the record, Docs. 27, 29, it doubts that § 233(a) precludes claims against non-FTCA defendants, meaning defendants for whom the United States has not substituted itself. But the court will not run that question to ground, as it exercises its discretion under 28 U.S.C. § 1367(c)(3) to relinquish jurisdiction over Evans's claims against Sinai Defendants and remand them to state court because they are state law claims and the parties are not of diverse citizenship. In so doing, the court relies on precedent holding that remand is the presumptively correct course when all non-supplemental claims are dismissed at an early stage, *see Phillips v. Baxter*, 768 F. App'x 555, 560 (7th Cir. 2019); *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 285 (7th Cir. 2007), and also the possibility that state law agency issues concerning the relationship between Oronsaye and Access, on the one hand, and Sinai Defendants, on the other, might possibly impact the § 233(a) analysis. Doc. 17 at 3, 5.

Remand is not inconsistent with *Alexander v. Mt. Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 895-97 (7th Cir. 2007), as the court remands not on the ground that the United States's substitution of itself for Oronsaye and Access was erroneous—it accepts the validity of the substitution—but rather on the ground that all claims against the United States have been dismissed. *See Lee v. Jones*, 2015 WL 3767347, at *8 (D.S.C. June 17, 2015) ("[I]n the Notice of Removal, the United States Attorney made clear that this removal was on behalf of LCHCS only. Further, the U.S. Attorney for the District of South Carolina had only certified LCHCS as acting within the scope of its employment and not Defendant Jones. Therefore, removal jurisdiction was only conclusively established as to LCHCS … ."); *see also Rodas v. Seidlin*, 656 F.3d 610, 613 (7th Cir. 2011) (in a suit removed under circumstances like those here, noting, without disapproval, that the district court remanded the suit to state court after the United States was dismissed given the plaintiff's failure to exhaust). In fact, remand may well be mandatory under 42 U.S.C. § 233(c), though it is not necessary to so hold given the alternative ground for remand provided by 28 U.S.C. § 1367(c)(3). *See* 42 U.S.C. §233(c) ("Should a United States district court determine on a hearing on a motion to remand held before a trial on the merit that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State Court … ."); *Dawson v. United States*, 2018 WL 2440516, at *2-4 (S.D. Ill. May 31, 2018).

January 24, 2022

_____
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | 22 C 1627 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In 2021, Denise Evans sued Dr. Osarentin Oronsaye, Access Community Health Network, and other defendants in the Circuit Court of Cook County, Illinois. *Evans v. Oronsaye*, No. 21 C 4805 (N.D. Ill.) ("*Evans I*"), ECF No. 1 at 8-19. Because Access received funding from the Public Health Service and Dr. Oronsaye was acting within the scope of his employment at Access as to all relevant events, the claims against those two defendants were deemed to be claims against the United States, which substituted itself for those two defendants and removed the suit to federal court. *Id.* at 1-3; *see Evans I*, ECF No. 30 at 1. The court dismissed Evans's claims against the United States without prejudice for failure to exhaust under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and remanded to state court her claims against the other defendants. *Evans I*, ECF No. 30.

Having exhausted her claims against the United States, Doc. 17 at ¶¶ 5, 8; Doc. 15-1, Evans brought in federal court the present suit, Doc. 1. The United States moves under Civil Rules 12(b)(1) and 12(b)(6) to dismiss on timeliness grounds. Doc. 14. The Rule 12(b)(1) motion is denied, but the Rule 12(b)(6) motion is granted.

1

**Background**

In resolving the United States's Rule 12(b)(6) motion, the court assumes the truth of the

operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See*

*Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also

consider "documents attached to the complaint, documents that are critical to the complaint and

referred to in it, and information that is subject to proper judicial notice," along with additional

facts set forth in Evans's brief opposing dismissal, so long as those additional facts "are

consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20

(7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Evans

as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting

forth those facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg*

*v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

Evans received medical care from Dr. Oronsaye intermittently from July 24, 2019

through August 2, 2019. Doc. 1 at 2. Evans had undergone an endometrial biopsy and cervical

polyp removal. *Id*. at 6. On July 24, she scheduled a hysterectomy. *Ibid*. Her endometrial

biopsy results were normal and the cervical polyp was benign, *ibid*., but she alleges that

Dr. Oronsaye failed to inform her of those results or to discuss reasonable treatment alternatives,

*id*. at 2. Evans further alleges that Dr. Oronsaye failed to identify and protect her ureter during

her August 2 hysterectomy and that she suffered a right ureter injury, precipitating pain and

suffering, loss of a normal life, disability, and large medical bills. *Id*. at 2-3. Evans returned to

the hospital with abdominal pain and distention on August 8, and her ureteral injury was

identified on August 14. *Id*. at 6-7.

Under the Federally Supported Health Centers Assistance Act ("FSHCA Act"), certain federally funded community health centers and individuals are deemed employees of the federal Public Health Service for purposes of the FTCA.  42 U.S.C. §§ 233(g), 254b; *see Chronis v. United States*, 932 F.3d 544, 546 n.1 (7th Cir. 2019) (Barrett, J.).  Access, which received the requisite federal funding, and Dr. Oronsaye, who was acting within the scope of his employment with Access at all relevant times, were deemed Public Health Service employees.  *Evans I*, ECF No. 1 at 28.  Thus, Evans's remedy for alleged torts committed by Access and Dr. Oronsaye lies in a cause of action against the United States under the FTCA.  *See* 42 U.S.C. § 233(a), (g).

As noted, Evans initially sued Dr. Oronsaye, Access, and other defendants in state court, and the United States substituted itself for Dr. Oronsaye and Access and removed the case to federal court.  *Evans I*, ECF No. 1.  The court dismissed without prejudice Evans's claim against the United States because she had not exhausted her administrative remedies prior to bringing that suit, and it remanded to state court her claims against the remaining defendants.  *Id.*, ECF No. 30; *see* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have *first* presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.") (emphasis added); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

On September 13, 2021, while the first suit was pending and in an effort to exhaust under the FTCA, Evans mailed a claim in writing to the Department of Health and Human Services

("HHS"), which the agency received on September 23.  Doc. 17 at ¶ 5; *see* Doc. 15-1.  HHS

failed to render a final disposition on the claim within six months of receiving it.  Doc. 17 at ¶ 8;

Doc. 15-1 at ¶¶ 5-6; *see* 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition

of a claim within six months after it is filed shall, at the option of the claimant any time

thereafter, be deemed a final denial of the claim for purposes of this section.").  Evans then filed

the present suit based on the alleged medical negligence by Dr. Oronsaye, who at all relevant

times was working as Access's employee—this time against the United States and directly in

federal court.  Doc. 1.

### Discussion

The United States argues that this suit is barred by the FTCA's statute of limitations.  A

tort claim against the United States must be "presented in writing to the appropriate Federal

agency within two years after such claim accrues."  28 U.S.C. § 2401(b).  "An FTCA claim

accrues when: (A) an individual actually knows enough to tip him off that a governmental act (or

omission) may have caused his injury; *or* (B) a reasonable person in the individual's position

would have known enough to prompt a deeper inquiry."  *Arroyo v. United States*, 656 F.3d 663,

669 (7th Cir. 2011).  A claim accrues regardless of whether a plaintiff knows that a prospective

defendant can be sued only under the FTCA.  *See Arteaga v. United States*, 711 F.3d 828, 831-32

(7th Cir. 2013).

The United States argues that Evans's claim accrued at the latest by August 14, 2019,

when her ureteral injury was diagnosed, or "shortly thereafter."  Doc. 15 at 5-6.  Evans does not

dispute that accrual date, which makes her claim untimely under Section 2401(b) because HHS

did not receive the claim until over two years later, on September 23, 2021.  Doc. 17 at ¶ 5.

Evans mailed her claim on September 13, *ibid.*, but does not and could not plausibly argue that

the mailing date rendered her claim timely. *See* 28 C.F.R. § 14.2(a) ("For purposes of … 28 U.S.C. 2401(b) … a claim shall be deemed to have been presented when a Federal agency receives" certain paperwork); *Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985) ("[T]he district court was quite right to hold that mailing is not presenting; there must be receipt.").

It is therefore undisputed that Evans's present claim is untimely under Section 2401(b). Evans argues, however, that the savings provision of 28 U.S.C. § 2679(d)(5) and/or the equitable tolling doctrine saves her claim from dismissal on timeliness grounds.

## I.    The Westfall Act's Savings Provision

The Federal Employees Liability Reform and Tort Compensation Act, commonly known as the Westfall Act, amended 28 U.S.C. § 2679(d) to include this savings provision:

> (5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if-
>
> > (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
> >
> > (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5); *see* Pub. L. No. 100-694, § 6 (1988), 102 Stat. 4564-65. Subsections (d)(1), (d)(2), and (d)(3) of Section 2679(d) outline the circumstances in which "the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1)-(3).

Evans argues that the Westfall Act's savings provision applies here because the United States was substituted as the party defendant and her claim against the United States was dismissed for failure to exhaust. By its plain terms, however, the savings provision applies only if "the United States is substituted as the party defendant *under this subsection*." 28 U.S.C. § 2679(d)(5) (emphasis added). Here, the United States was not substituted as the party

defendant under Section 2679(d). Instead, Evans's claims against Access and Dr. Oronsaye were "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto" pursuant to 42 U.S.C. § 233. *See Evans I*, ECF No. 1 at 1-3; *id.*, ECF No. 30 at 1. Under its plain text—in particular, the phrase "under this subsection"—the savings provision does not apply where, as here, the United States is substituted as a party defendant under Section 233 rather than under Section 2679(d). *See Patel v. United States*, 2021 WL 2454048, at *2 (D. Ariz. June 16, 2021) ("[Section 2679(d)(5)] unambiguously states that it applies in instances in which the United States was substituted as a party defendant under the subsection.").

Resisting that result, Evans argues that "[m]ost courts appear to have simply operated on the presumption that the Westfall Act applies" when the United States is substituted as a defendant under Section 233. Doc. 17 at ¶ 17. True enough, dicta in some Seventh Circuit cases make that assumption. *See Chronis*, 932 F.3d at 549 n.5; *Blanche v. United States*, 811 F.3d 953, 958 (7th Cir. 2016); *Arroyo*, 656 F.3d at 668. But dicta cannot defeat a statute's plain text. *See Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486, 2498 (2022) ("[T]he Court's dicta, even if repeated, does not constitute precedent and does not alter the plain text of the General Crimes Act, which was the law passed by Congress and signed by the President."). Moreover, even after issuing *Arroyo*, *Blanche*, and *Chronis*, the Seventh Circuit conveyed its view that the Westfall Act's application to Section 233 cases remains an open question in the Circuit. *See P.W. by Woodson v. United States*, 990 F.3d 515, 522 n.4 (7th Cir. 2021).

Nor is the Westfall Act's text overcome by Evans's argument that Section 233 and Section 2679(d) have essentially the same effect. Doc. 19. "While both the Westfall and [FSHCA] Acts behave similarly in their allowance for the substitution of the United States as a

defendant and providing remedies against the United States for certain wrongful conduct, they are not one in the same … ." *Dawson v. United States*, 2018 WL 2440516, at *2 (S.D. Ill. May 31, 2018). And the Supreme Court has rejected the notion that "§ 233(a) incorporates the entirety of the FTCA, as amended by the Westfall Act … ." *Hui v. Castaneda*, 559 U.S. 799, 808-09 (2010).

It is not the court's role to question Congress's choice to make the Westfall Act's savings provision available only when the United States is substituted as the party defendant under Section 2679(d) and not when it is substituted under Section 233. *See Herrera v. United States*, No. 20 C 5238 (N.D. Ill.), ECF 14 at 8 n.2 (noting that, under a faithful reading of the Westfall Act, the United States "may have control whether the Savings Clause applies to a given Plaintiff's case"). "[T]he confines of [the] judicial role" require the court "to read the statute according to its text." *Hui*, 559 U.S. at 812. The Westfall Act was enacted well after Congress's enactment of the statutory text that became Section 233(c). *See* Pub. L. 91-623, § 4 (1970), 84 Stat. 1870; *Hui*, 559 U.S. at 806-07. It therefore "is telling that Congress declined to enact" a savings provision that encompassed Section 233(c), *Hui*, 559 U.S. at 807, and the court must give effect to that choice.

## II.    Equitable Tolling

Evans next argues that the equitable tolling doctrine saves her claim from dismissal. The FTCA's limitations periods are non-jurisdictional and can be equitably tolled. *See United States v. Wong*, 575 U.S. 402, 420 (2015). But tolling is not appropriate under the facts and circumstances of this case.

Evans cites both federal and state tolling law. Doc. 17 at ¶¶ 25-27. Federal equitable tolling law applies to her FTCA claim. *See P.W. by Woodson*, 990 F.3d at 523-24 (applying federal equitable tolling law to an FTCA claim); *cf. Shropshear v. Corp. Couns. of City of*

*Chicago*, 275 F.3d 593, 595-96 (7th Cir. 2001) (holding that the state equitable tolling doctrine governs where the limitations period is borrowed from state law). "Equitable tolling is reserved for rare instances in which a plaintiff was prevented in some extraordinary way from filing his complaint in time." *P.W. by Woodson*, 990 F.3d at 523 (internal quotation marks omitted). "Generally, the plaintiff bears the burden to establish that (1) she 'diligently' pursued her claim; and (2) 'some extraordinary circumstances' prevented her from timely filing her complaint." *Ibid*. (internal quotation marks omitted).

Evans cites no extraordinary circumstances that prevented the timely presentation of her claim to HHS. Evans's apparent failure to realize she needed to pursue relief under the FTCA does not warrant equitable tolling. Her first suit named Dr. Oronsaye and Access as defendants, and it was easily ascertainable from the public record that Access was federally funded. The Seventh Circuit has repeatedly observed that the Public Health Service maintains a website identifying all health centers that receive federal funds and that therefore may be sued only under the FTCA. *Id*. at 524 ("We have twice reminded the medical malpractice bar of [the relevant Public Health Service] database."); *see Blanche*, 811 F.3d at 962; *Arteaga*, 711 F.3d at 834. "Medical malpractice attorneys have an obligation upon being retained by a new client to research the possible defendants at issue. This research involves examining whether the possible defendants are federally affiliated, and thus can only be sued under the FTCA." *Blanche*, 811 F.3d at 962. "Members of the medical malpractice bar should know enough to consult the [Public Health Service] website when approached by a prospective client." *P.W. by Woodson*, 990 F.3d at 522 (alteration in original) (internal quotation marks omitted). Taking the simple step of ascertaining Access's status as a federally funded entity would have put Evans on notice that she needed to pursue relief against Access—and likely against Dr. Oronsaye given his

8

affiliation with Access—under the FTCA.  Equitable tolling is thus inappropriate here.  *See*

*Blanche*, 811 F.3d at 962 ("[W]e reject Arianna's argument that she was prevented from filing

her complaint on time because the Health Center did not reveal its federal status.  There is no

evidence that the Health Center made any attempt to conceal its federal status.  Rather, it appears

that Arianna's lawyers did not adequately research into whether the Health Center was federally

affiliated.").

**Conclusion**

This suit is dismissed on timeliness grounds under Rule 12(b)(6).  The United States's

motion to dismiss for want of subject matter jurisdiction under Rule 12(b)(1) is denied because

the FTCA's statute of limitations is not jurisdictional.  *See Wong*, 575 U.S. at 410-12.

December 28, 2022

_____
                           United States District Judge

9

ILND 450 (Rev. 10/13) Judgment in a Civil Action

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Denise Evans,

Plaintiff(s),

v.

United States of America,

Defendant(s).

Case No.  22 C 1627

Judge Gary Feinerman

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐      in favor of plaintiff(s)
and against defendant(s)
in the amount of $            ,

which ☐ includes        pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐      in favor of defendant(s)
and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

---

☒      other: Judgment is entered in favor of Defendant United States of America and against Plaintiff Denise Evans.  Plaintiff's claims are dismissed, and she shall take no relief.

---

This action was *(check one)*:

☐ tried by a jury with Judge        presiding, and the jury has rendered a verdict.
☐ tried by Judge        without a jury and the above decision was reached.
☒ decided by Judge Gary Feinerman on a motion.

Date:   12/28/2022

Thomas G. Bruton, Clerk of Court

/s/ Jackie Deanes , Deputy Clerk

A-038

APPEAL,HARJANI,TERMED

# United States District Court
## Northern District of Illinois – CM/ECF NextGen 1.7.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:22−cv−01627

Evans v. United States of America, The
Assigned to: Honorable Gary _Feinerman
Demand: $50,000
Case in other court:  23−01151
Cause: 28:1402 Medical Malpractice

Date Filed: 03/29/2022
Date Terminated: 12/28/2022
Jury Demand: Plaintiff
Nature of Suit: 362 Personal Inj. Med.
Malpractice
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Denise Evans**                    represented by  **Barry A. Spevack**
Monico & Spevack
53 West Jackson Street
Suite 1315
Chicago, IL 60604
United Sta
(312) 782−8500
Fax: Active
Email: bspevack@monicolaw.com
*ATTORNEY TO BE NOTICED*

**Matthew R Heimlich**
Law Offices of Steven J. Malman &
Associates, P.C.
Suite 1700
205 West Randolph Street
Chicago, IL 60606
312−629−0099
Fax: Not a member
Email: mheimlich@malmanlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States of America, The**        represented by  **AUSA − Chicago**
United States Attorney's Office (NDIL −
Chicago)
219 South Dearborn Street
Chicago, IL 60604
Fax: US Govt Attorney
Email: USAILN.ECFAUSA@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Danielle Anne Phillip**
U.S. Attorney's Office for the Northern
District of Ill
219 S. Dearborn Street
Chicago, IL 60604
(312) 886−2039
Fax: Not a member
Email: danielle.phillip@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/29/2022 | 1 | COMPLAINT filed by Denise Evans; Jury Demand. Filing fee $ 402, receipt number 0752−19291164. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet)(Heimlich, |

| | | Matthew) (Entered: 03/29/2022) |
|---|---|---|
| 03/30/2022 | | CASE ASSIGNED to the Honorable Ronald A. Guzman. Designated as Magistrate Judge the Honorable Sheila M. Finnegan. Case assignment: Random assignment. (dxb, ) (Entered: 03/30/2022) |
| 03/30/2022 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post–trial proceedings, all parties must sign their names on the attached <u>Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (dxb, ) (Entered: 03/30/2022)</u> |
| 05/19/2022 | 2 | MINUTE entry before the Honorable Ronald A. Guzman: Plaintiff is directed to file a report on the status of service of summons no later than May 26, 2022. Mailed notice. (kp, ) (Entered: 05/19/2022) |
| 05/26/2022 | 3 | STATUS Report *on Service* by Denise Evans (Heimlich, Matthew) (Entered: 05/26/2022) |
| 06/02/2022 | 4 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable Gary Feinerman for all further proceedings. Honorable Ronald A. Guzman no longer assigned to the case. Signed by Executive Committee on 06/02/2022.(daj, ) (Entered: 06/03/2022) |
| 06/06/2022 | 5 | MINUTE entry before the Honorable Gary Feinerman:Initial status hearing set for 6/30/2022 at 9:30 a.m. The parties shall file the initial joint status report by 6/23/2022. Attorneys/Parties should appear for the hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 06/06/2022) |
| 06/14/2022 | 6 | summons by Denise Evans (Heimlich, Matthew) (Entered: 06/14/2022) |
| 06/14/2022 | 7 | summons by Denise Evans (Heimlich, Matthew) (Entered: 06/14/2022) |
| 06/22/2022 | | SUMMONS Issued as to U.S. Attorney, and U.S. Attorney General (kra, ) (Entered: 06/22/2022) |
| 06/23/2022 | 8 | STATUS Report by Denise Evans (Heimlich, Matthew) (Entered: 06/23/2022) |
| 06/24/2022 | 9 | MINUTE entry before the Honorable Gary Feinerman: At Plaintiff's request 8 , the initial status hearing set for 6/30/2022 5 is stricken and re–set for 8/12/2022 at 9:15 a.m. The parties shall file the initial joint status report by 8/5/2022. Attorneys/Parties should appear for the hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 06/24/2022) |
| 08/04/2022 | 10 | DESIGNATION of Danielle Anne Phillip as U.S. Attorney for Defendant United States of America, The (Phillip, Danielle) (Entered: 08/04/2022) |
| 08/05/2022 | 11 | STATUS Report by United States of America, The (Phillip, Danielle) (Entered: 08/05/2022) |

| 08/08/2022 | 12 | MINUTE entry before the Honorable Gary Feinerman:Given the status report 11 , the status hearing set for 8/12/2022 9 is stricken and re–set for 9/6/2022 at 9:15 a.m. Attorneys/Parties should appear for the hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 08/08/2022) |
|---|---|---|
| 08/26/2022 | 13 | Memorandum by United States of America, The *in Support of Motion to Dismiss* (Phillip, Danielle) (Entered: 08/26/2022) |
| 08/26/2022 | 14 | MOTION by Defendant United States of America, The to dismiss *Complaint* (Phillip, Danielle) (Entered: 08/26/2022) |
| 08/26/2022 | 15 | Corrected Memorandum by United States of America, The *in Support of Defendant's Motion to Dismiss* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Phillip, Danielle) (Entered: 08/26/2022) |
| 08/30/2022 | 16 | MINUTE entry before the Honorable Gary Feinerman:Motion to dismiss 14 is entered and continued. Plaintiff shall reply to the motion by 9/23/2022; Defendant shall reply by 10/7/2022. Motion hearing set for 10/13/2022 at 9:00 a.m. The status hearing set for 9/6/2022 12 is stricken. Attorneys/Parties should appear for the hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 08/30/2022) |
| 09/23/2022 | 17 | RESPONSE by Denise Evansin Opposition to MOTION by Defendant United States of America, The to dismiss *Complaint* 14 (Heimlich, Matthew) (Entered: 09/23/2022) |
| 10/07/2022 | 18 | REPLY by United States of America, Thein Support of MOTION by Defendant United States of America, The to dismiss *Complaint* 14 *Reply in Support of Motion to Dismiss* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Phillip, Danielle) (Docket text modified by Clerk's Office on 10/11/2022) (lxk, ). (Entered: 10/07/2022) |
| 10/13/2022 | 19 | MINUTE entry before the Honorable Gary Feinerman:Motion hearing held. Defendant's motion to dismiss 14 is taken under advisement. Status hearing set for 12/7/2022 at 9:00 a.m. Attorneys/Parties should appear for the 12/7/2022 hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 10/14/2022) |
| 12/01/2022 | 20 | MINUTE entry before the Honorable Gary Feinerman:The status hearing set for 12/7/2022 19 is stricken and re–set for 12/20/2022 at 9:30 a.m. Attorneys/Parties should appear for the hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed |

| | | |
|---|---|---|
| | | necessary by the Court.Mailed notice. (jlj, ) (Entered: 12/01/2022) |
| 12/19/2022 | 21 | MINUTE entry before the Honorable Gary Feinerman:The status hearing set for 12/20/2022 20 is stricken and re–set for 2/6/2023 at 9:30 a.m.Mailed notice. (jlj, ) (Entered: 12/19/2022) |
| 12/28/2022 | 22 | MINUTE entry before the Honorable Gary Feinerman:For the reasons set forth in the accompanying Memorandum Opinion and Order, Defendant's motion to dismiss 14 is denied in part (as to Rule 12(b)(1)) and granted in part (as to Rule 12(b)(6)). This case is dismissed. Enter judgment order. The status hearing set for 2/6/2023 21 is stricken. Civil case closed.Mailed notice. (jlj, ) (Entered: 12/28/2022) |
| 12/28/2022 | 23 | MEMORANDUM Opinion and Order written by the Honorable Gary Feinerman on 12/28/2022.Mailed notice.(jlj, ) (Entered: 12/28/2022) |
| 12/28/2022 | 24 | ENTERED JUDGMENT on 12/28/2022.Mailed notice.(jlj, ) (Entered: 12/28/2022) |
| 01/20/2023 | 25 | ATTORNEY Appearance for Plaintiff Denise Evans by Barry A. Spevack (Spevack, Barry) (Entered: 01/20/2023) |
| 01/20/2023 | 26 | NOTICE of appeal by Denise Evans regarding orders 22 , 23 , 24 Filing fee $ 505, receipt number AILNDC–20257951. Receipt number: n (Spevack, Barry) (Entered: 01/20/2023) |
| 01/23/2023 | 27 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 26 (jg, ) (Entered: 01/23/2023) |
| 01/23/2023 | 28 | TRANSMITTED to the 7th Circuit the short record on notice of appeal 26 . Notified counsel. (jg, ) (Entered: 01/23/2023) |
| 01/24/2023 | 29 | ACKNOWLEDGMENT of receipt of short record on appeal regarding notice of appeal 26 ; USCA Case No. 23–1151. (ph, ) (Entered: 01/24/2023) |